UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **SADIE TOLER** | § | CIVIL ACTION NO._____ |
| *Plaintiff* | § | |
| | § | |
| vs. | § | JURY DEMANDED |
| | § | |
| **BRAZORIA NEUROLOGICAL ASSOCIATES,** | § | |
| **P. A. and DR. BLAIR KRELL** | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.   SUMMARY

1. Sadie Toler ("Plaintiff") brings this action against Brazoria Neurological Associates, P. A. and Dr. Blair Krell ("Defendants") for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq*.

### II.   THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a former employee of Defendants who performed employment duties for Defendants in Brazoria County, Texas.

3. Defendants have offices and do business in the Southern District of Texas, Galveston Division. Defendant Brazoria Neurological Associates, P. A. can be served through its Officer/Owner Dr. Blair Krell at 214 Parking Way, Lake Jackson, Texas 77566. Defendant Dr. Blair Krell or ("Krell") can be served at his place of business at 214 Parking Way, Lake Jackson, Texas 77566.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the lawsuit involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) because Defendants do business in Brazoria County, Texas which is in the Southern District of Texas-Galveston

Division. Moreover, this judicial district is where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

### III.   THE FACTS

6. Defendants are in the medical profession and related industries. Their employees handle a wide variety of goods and services that have moved in interstate commerce.

7. Plaintiff was a covered individual employee under the FLSA whose work affected interstate commerce while employed for Defendants. In this connection, Plaintiff routinely, regularly and on a weekly basis, and as part of Plaintiff's employment duties with Defendants, engaged in electronic interstate communications and transactions using instrumentalities of interstate commerce such as computers and telephones to communicate with out-of-state insurance companies and vendors.

8. Defendants' annual gross revenues exceed $500,000.00.

9. Plaintiff was employed by Defendants within the past 3 years from the date of the filing of this Complaint.

10. Plaintiff was paid on an hourly basis during Plaintiff's employment with Defendants.

11. During the relevant time period, Plaintiff was employed by Defendants as a "Front Receptionist" and later as a "Practice Manager".

12. Plaintiff regularly worked substantial hours for Defendants, well in excess of forty (40) hours per week. Plaintiff generally worked approximately fifty (50) hours per week or more for Defendants.

13. During Plaintiff's employment with Defendants, Plaintiff worked numerous hours and performed employment duties for which Plaintiff was not paid the appropriate and legally required overtime wages under the FLSA. Said duties were for the benefit of the Defendants and Plaintiff

was required to perform those duties. Defendants continuously failed and/or refused to pay Plaintiff the overtime wages for the hours Plaintiff worked in excess of forty (40) in a workweek although they were legally required to do so under the FLSA.

14. Rather, Defendants paid Plaintiff a straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law.

15. In this connection, payment of straight time wages to hourly workers for overtime hours worked (as is the case here) constitutes a willful violation of the FLSA as a matter of law. *See Reich v. Waldbaum, Inc.*, 52 F.3d 35, 41 (2nd Cir. 1995); *Brown v. L & P Industries, LLC*, 2005 WL 3503637 at *10-11 (E.D.Ark. 2005); *Hardrick v. Airway Freight Sys., Inc.*, 63 F.Supp.2d 898, 904 (N.D.Ill. 1999)("[U]nder the FLSA, if a covered hourly employee (such as Plaintiff(s)) works more than forty hours in a given workweek, such employee(s), *per se*, must be paid a rate not less than one and one-half times his regular rate of pay.")(citation omitted).

16. Defendants' illegal scheme and policy affects Plaintiff and potentially other similarly situated current and former employees of Defendants.

17. Plaintiff is not legally exempt from receiving overtime wages under the FLSA or any United States Department of Labor regulation and no overtime exemption is applicable in this lawsuit.

18. Defendant Krell has a significant ownership interest with operation control of significant aspects of Defendant Brazoria Neurological Associates, P. A. business dealings and financial affairs including the authorization and control over the hours worked and wages paid to Plaintiff. *See Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999) (approving jury instruction that individuals were liable if they had a "significant ownership interest with operation control of significant aspects of the corporation's day-to-day functions"). *Lamonica v. Safe Hurricane Shutters*, 711

F.3d 1299 (11th Cir. 2013) (FLSA contemplates the imposition of individual liability upon those who control a corporation's day to day functions, including its financial affairs). *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142 (3rd Cir. 2014) ("Aside from the corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute "joint employers" for purposes of liability under the FLSA."). *See also*, *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984) (holding that a hotel corporation and its president were joint employers for the purposes of the FLSA.).

## IV.   CAUSE OF ACTION

19. Plaintiff incorporates the preceding paragraphs by reference. Defendants did not pay Plaintiff the legally required overtime wages for all hours worked in excess of forty (40) in a workweek. In this regard, Defendants acted willfully or with reckless disregard as to whether their pay practices, scheme or policy complied with the FLSA.

20. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. The Defendants have failed to do so.

21. Defendants' willful failure to pay Plaintiff the legally required overtime wages for the weeks in which Plaintiff worked in excess of forty (40) hours violates the FLSA.

22. Defendants are jointly and severally liable to Plaintiff for unpaid overtime wages.

23. Defendants are jointly and severally liable to Plaintiff for an equal amount of Plaintiff's unpaid overtime wages as liquidated damages.

24. Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

## V.   JURY DEMAND

25. Plaintiff demands a trial by jury.

## VI.　PRAYER

Plaintiff respectfully requests judgment in Plaintiff's favor awarding:

26. Unpaid overtime wages in accordance with federal law for each hour worked in excess of forty (40) in a workweek;

27. An equal amount as liquidated damages;

28. Reasonable attorney's fees, costs and litigation expenses;

29. Post judgment interest at the highest rate allowed by law; and

30. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By: /s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas 77515
(979) 849-6080
(832) 202-2809
clark@woodsonlaborlaw.com
State Bar No. 00794880
S.D. Tex. No. 21481
**Attorney for Plaintiff**